in the courtroom today. The Normans own a home in Rancho Del Lago Subdivision in Vail, Arizona. Mrs. Norman is a retired police officer who was injured in the line of duty. Mrs. Norman requires a stable walking surface. The north side of the Norman home was covered with gravel, and when Mrs. Norman would walk on that gravel, she would fall. The incline kept Mrs. Norman from fully enjoying her property. Mrs. Norman gardens as a hobby. Because Mrs. Norman's walking condition was getting worse, the Normans asked for a variance with their HOA to install a second driveway. RDL, the HOA, claims that it has a prohibition against second driveways, but there are no prohibitions in the covenants or rules and regulations, and there are many second driveways at RDL, three of which are known to the Normans. The Normans did submit their request for variance, and when they did so, they included a sketch and a doctor's note. This was submitted to the owner, Ms. Mabel Gumrey. Ms. Gumrey asked no questions and denied the request. The Normans later learned it was because Ms. Gumrey believed that the real reason the Normans wanted a second driveway was to park the car on their side yard. The Normans did not intend to do that. When Mrs. Norman's condition worsened, the Normans installed the driveway without RDL approval. The second driveway had many purposes, but the most important was to provide Mrs. Norman with a stable walking surface. The location of the driveway also shielded Mrs. Norman from the sun, and when Mrs. Norman gardened, she placed the flats of flowers on the driveway. In response to the second that would be the end of it. But instead, RDL threatened legal action, telling them that if they did not remove the driveway, they would get an injunction and seek attorney's fees. The Normans did file suit against RDL, alleging that the Fair Housing Act was violated for their failure to give them an accommodation. Well, counsel, if the association failed to give them the second driveway because they thought that they just wanted to park their car, how is that a violation of the Fair Housing Act? It wasn't the purpose, Your Honor. The purpose was for the walking surface, and it's a violation because the Normans submitted paperwork from a doctor explaining that the walking surface was necessary. But if they denied the driveway for a non-disability reason, then it seems like that would not We believe that under the Fair Housing Act, they had a duty to approve it because the Normans indicated that the driveway was serving a purpose and that it was necessary. Counsel, I have a question for you. Why was an 11-foot wide walkway necessary to accommodate Mrs. Norman's disability? And why couldn't it have been a 5-foot walkway that could not possibly be used as a driveway or parking space? That's the question that the district court had, Your Honor. And it's our position that Mrs. Norman testified in her deposition that she used the 11 feet for gardening, she used it for exercise, she used it for those purposes. And her testimony established why the 11-foot driveway was necessary. We believe that it's error to require the Normans to justify the 11-foot driveway. One of the things that has happened is that RDL conceded that Mrs. Norman needed accommodation when they said that they offered the 5-foot driveway. It's our position that the case law holds that once that necessity is established, the accommodation becomes a question of reasonableness. And because there are other second driveways there at Rancho de Lago, it's our position that that driveway was a reasonable accommodation. So we believe that what happened was that the court made the mistake of requiring the Normans to justify how 11 feet was more advantageous than 5 feet. And that is the heart of the dispute, whether or not the Normans have to prove how an 11-foot make it so that RDL can't now claim that the Normans have not proven necessity. And it's our position that all of the elements of a prima facie case have been established. Number one, plaintiff is handicapped. Number two, defendant knew of the handicap. Three, the accommodation was necessary. Four, the accommodation was reasonable. And that the defendant refused to make the plea that all three of those first elements have been established because necessity has been conceded. There are three decisions that support... Where in the record did the defendant concede that an 11-foot driveway was necessary? No, 5-foot walkway. I think I may have misspoken. No, that's fine. I'm just saying you were saying necessity was conceded, but I'm unaware of where defendant said it needs to be 11-foot. In their response to the motion for summary judgment, RDL said that they did not violate the Fair Housing Act because they offered the 5-foot driveway. And that's where it was conceded. And that was the argument that they got the court below to accept. And so on this appeal, they're now saying that we did not prove necessity. And it's our point that judicial stopple keeps them from taking that position. Well, their position is that... Sorry, go ahead, Judge Wuerlach. I'm just trying to understand this argument. So your position is they conceded that she needs an accommodation by offering the 5-foot. So at what point do we consider the reasonable alternatives? Do we look at whether an 11-foot driveway was necessary? Or do we just look at it was necessary to give her an accommodation? We look at the elements, Your Honor, and the elements are simply this. The accommodation is necessary. And that's fulfilled by the fact that they claim that a 5-foot walkway would do so. So really, the fourth element, whether or not it's reasonable, is the one that we're arguing about. That's the one that's up in the air. That's the one that they claim that in order for it to be reasonable, they have to explain how it is more advantageous than a 5-foot walkway. And there are cases, one out of Florida and two in this district, that show that the Normans should not have to prove how the 11-foot driveway is more reasonable than the 5-foot walkway. And in the first case, the Sable Palms case, there was a woman in a wheelchair who wanted an over 20-pound dog to turn on the lights in her apartment. The condo association argued that a smaller dog would suffice. And the court ruled against the condo, stating that it was not the law to require the woman to show how the over 20-pound dog was a reasonable accommodation, rather than the smaller dog. In the Morrigan case, there the court made the same mistake as this district court did. In that one, the plaintiff had proven that cool air was necessary. And the magistrate in that case wanted the plaintiff to prove how refrigerated air was more advantageous than cool air. And again, the court said that it wasn't a requirement at that stage to show how the refrigerated air more suited the plaintiff's needs. And then in the last case, in the Coon case, there was a plaintiff who wanted to park an RV in a driveway for a disabled person. And the HOA wanted plaintiff to search for less burdensome accommodations. And the court held that was not plaintiff's burden. Can I go back to the necessity prong? So is it your view, because Ms. Norman testified that she needed the 11-foot driveway, that that satisfies that element, and on summary judgment, the district court should have credited that? No, there's two aspects to that. We contend that necessity was conceded when the 5-foot was offered. In the event that that is not conceded, we say that no expert testimony is necessary and that Mrs. Norman's own testimony can establish that she needed that 11-foot driveway. And is that the only evidence of the necessity of the 11-foot driveway? There are affidavits or declarations from Mrs. Norman's doctors that say that the 11-foot driveway was a suitable accommodation. But not necessary. Right. But I guess your argument would be that Ms. Norman's testimony alone should be enough to satisfy summary judgment on that element? Yes. And what happens is that we don't even get to go there because it was conceded that it was necessary by offering the 5-foot walkway. Okay. If there are no more questions, Your Honor, I'd like to reserve two minutes for rebuttal. You have four minutes. Why don't you reserve? Four minutes. Good morning, Your Honors. Eileen Gilbride on behalf of the defendant Rancho Del Lago. Your Honors, there's one piece. There are two things that I would encourage the court to look at when it's deciding this case. One case and one piece of evidence. The case is the Vortheimer v. Philadelphia Owner's Case. We cited it in our briefs, 903 F. 3rd 100. It's a Third Circuit case. And it makes very clear the difference between an accommodation that is necessary under the FHA and one that plaintiff would simply prefer. And as the Vortheimer court said, necessity means essential, not just preferable, not just helpful, but essential. Quote, nothing in the act gives her a right to her preferred option, wants are not needs. That's the first thing. The second thing is the piece of evidence that I'm encouraging Your Honors to look at. And that is the audio file that we submitted separately from our brief. You're looking like you don't know that we submitted an audio file separately. I'm not aware of that. I'm not aware of it either. There is an audio file that was included in the, or should have been included in the summary judgment, Statement of Facts, Exhibit A below. Trial counsel submitted it to the magistrate judge. And the magistrate judge considered it and referred to it in the order. But she did not get it across the counter to be actually filed in the record. And so I had to file a motion with this court asking for it to be added to the record. And there was no objection on the other side. That was added. And so it's a separate audio. There's a separate pleading here about the audio file. And so I would encourage you to look at that carefully. Because when you listen to it, what it is is a recording, is a cell phone recording that plaintiffs made of a meeting with the Rancho Del Lago manager. And they kind of put the cell phone in their pocket. A lot of it's not video, but it's audio. And when you listen to that audio file, this is what you will hear. At 1212 to 1255, you will hear Mrs. Norman make the affirmative suggestion that they change the driveway. This is after they had installed the driveway without permission. That she makes the suggestion that they change the driveway into a walkway with the developer bearing the cost. And she tells Rancho's manager that this would allow her to walk from the backyard to the front yard. And why didn't they offer that to her in the first place? At 1539 to 1620, you will hear Mrs. Norman say, what we really use the driveway for, to be honest with you, is when we have work done. So contractors can pull onto the driveway, you know, and do the work and reach the solar panels. And at 1853 to 1912, you will hear Mrs. Norman say that what she does, though, want to park her car over on that side of the house. And at 2645 to 2705, she says, you know why we want extra parking over there? Because we have two teenagers and a three-car garage. So what we have here is the law that says necessity is needs, not wants. And you have Mrs. Norman saying that the driveway is a want, not a need. In addition, we have zero evidence that mobility, her mobility issues require an 11-foot driveway. Her doctors have never said that her mobility issues require 11-foot driveway. She has never said her mobility issues require an 11-foot driveway. She has said, I like to use it for exercise. I like to use it for my flowers. But there is no evidence, zero evidence that an 11-foot driveway is necessary to take care of her mobility issues. It's suitable for her needs. That does not translate into necessity. And because she's never come forward with evidence of necessity, the district court correctly granted summary judgment on the FHA claim. I'd like to make just three comments based on something that council said in the opening argument. First of all, we have never conceded necessity. Obviously, our entire brief and our entire summary judgment is based and the entire district court order is based on the fact that an 11-foot driveway is simply not necessary. Council, may I clarify that with you? Has your client, though, conceded that a reasonable accommodation is necessary? What we concede is that she's disabled. And that's really what plaintiff's counsel is saying. By conceding that, by offering her a five-foot walkway, what we're conceding is that she needs an accommodation. And we've offered her that. So conceding that she's disabled is not conceding that an 11-foot driveway is necessary. I understand that. I understand that. I'm saying, as your client conceded, that a reasonable accommodation is necessary. We concede that she's disabled and that we are willing to have her have a five-foot walkway. She actually has her driveway. Why can't you just say, answer my question, yes, because if you're conceding that a five-foot walkway is necessary, then you're saying you're conceding that a reasonable accommodation is necessary. You're just saying an 11-foot-wide driveway is not a reasonable accommodation. We're saying it's not a necessary accommodation, correct? There's a difference between that. My hesitation in just saying yes is the difference between necessary and reasonable, which are two completely different things under the FHA. So, yes, we concede that she can have and needs a five-foot walkway. And that's what we offered her. What about a six-foot walkway? Or a walkway, just not an 11-foot driveway. I mean, whatever it is, what she has to prove is that her requested accommodation, an 11-foot driveway, is necessary, and that was the lack of proof, which is why we won summary judgment in this case. What about the evidence that your client has allowed her neighbors, several of her neighbors, to have a second driveway in which cars are parked? Yes, that does not go to the issue of necessity. If she had gotten by necessity, and if Rancho Del Lago had argued or had needed to argue that allowing an 11-foot driveway was not reasonable, then perhaps that information would have been relevant to the reasonableness of whether it's reasonable for or it's doable for Rancho Del Lago to be able to have driveways, second driveways, in that complex or in the area. But whether or not other people have driveways has nothing to do with whether she needs an 11-foot driveway for her accommodation. So, Counsel, you mentioned that audio recording where it suggests that it's not necessary, the driveway, but she also provided, Mrs. Norman provided an affidavit, I believe, where she does say it's necessary. She does not say that respectfully, Your Honor, in her affidavit. What she says in her affidavit... What I see on 163, what I'm reading on 163 is, I do not think it was fair for Rancho Del Lago to deny me the second driveway when it was medically necessary and reasonable. Well, yes, that is a conclusory assertion. But in all of her other pleadings that she has filed in her affidavit, in the complaints, the Department of Real Estate complaint and the civil rights complaint that she's filed, she has never said that she needs an 11-foot driveway to get from her backyard to her front yard. That's just a conclusory... What she has said, when you look at the facts, is, I like to put my flowers there, I like to walk there, I like to do whatever. But in offering Rancho Del Lago herself, she said, why don't we just have a walkway? That would take care of what I need to get from the backyard to the front yard. So she has never said... She has never put forth facts to show why an 11-foot driveway is necessary to take care of her mobility needs. In that same affidavit, she says, since installing the second driveway, my falls have been eliminated and I can fully enjoy my property. She can enjoy it, yes. She can enjoy her property, I'm sure she can. But wants are not needs. And the doctor's notes that she referred to before don't say that she needs an 11-foot driveway. So just hypothetically, is a layperson's testimony that this accommodation is necessary, is that enough to survive summary judgment? Well, if she had made that testimony, perhaps, it depends. But she didn't say, I need an 11-foot driveway because my mobility, something, something can only fit in an 11-foot driveway or whatever. There wasn't anything like that. And you're saying the medically necessary statement is so conclusory, that's not enough to survive summary judgment? That's correct. That's absolutely correct. I really don't have anything else to add unless the court has questions. So the 11-foot driveway is there right now. Yes, it is. And so this litigation is about, at bottom, it's supposed to be rule in favor of the homeowners association. It's about who's going to bear the expense of pulling out the 11-foot driveway and putting in a 5-foot walkway. Actually, Rancho Del Lago has already said it's not going to require pulling out the driveway, which is why the plaintiffs and why the parties agreed to dismiss count two of the complaint, which was like a declaratory injunctive type claim. So she has her driveway. Rancho Del Lago is not going to pull it out. She's been enjoying it. And here we are. You know, that's a very good question. And I think that's something maybe you should ask plaintiff's counsel why we are still here. So is it is it capable of repetition? I mean, because it's your clients voluntarily said they can have the 11-foot driveway. Correct. It's the injury. I'm as baffled as you are, Your Honor. I apologize. Okay, thank you. Thank you. Thank you, counsel. Thank you. You have to start off with that. Why are we here? The reason why we're here is because there was intentional discrimination. And one of the things that they talked about was a recording. And the judge did dismiss the punitive damages part of this lawsuit. Specifically, the recording, if you listen very carefully, also has Mrs. Norman explaining that the real reason was because of the gravel and how she almost fell into her neighbor's yard before the driveway was installed. So they want to use the recording to show that it was a want rather than a need when we feel that the recording shows that punitive damages are warranted. In that recording, Spencer Broad stated that the developer was going to remove things and that he was the one who didn't want it done and how all of the other drives were going to be removed. And then when his deposition was taken, he admitted that all of that was false. And he tried to slough it off as being negotiation tactics. So what's important about this is the punitive damages aspect for the intentional discrimination. With regard to counsel's arguments about conceding, clearly they did concede that she needed an accommodation, which they offered the five-foot walkway. It's really important that... I'm replying the same ground right now. What I want to understand is, how is your client injured if the 11-foot driveway is going to remain intact? She's injured because she was discriminated against, Your Honor. That's how she's injured, because of intentional discrimination against her. When they counseled meetings, didn't engage in an interactive process, dismissed her reasons as being false. That was the injury, the discrimination. I thought your injury was that she was unable to... That they failed to offer a reasonable accommodation such that she was unable to enjoy her property. This is a FEHA action, right? Fair Housing Act. Fair Housing Act. Isn't the injury alleged that she was unable to equally enjoy her home, as everybody else has a right to do? Your Honor, it's true that she does have the driveway. But the reason why this is continuing to go on is because of the intentional discrimination. And that's what the law provides, that there are punitive damages that are appropriate when someone intentionally discriminates against you. And there are things in the record that show that there was intentional discrimination. And I would like to name a few. Number one... Before we get there, can you go back? You said that Mrs. Norman testified that the 11-foot driveway is medically necessary, or is necessary. The only evidence I see of that is that one statement in the affidavit, which is sort of conclusory. Is there anything more? Your Honor, with regard to that, we again say that it's too late. They've already conceded that it's necessary. And that's more of a backup argument. And the backup argument is that her testimony suffices. But it is pretty conclusory. All she says is, you know, I do not think it was fair for Rancho Del Lago to deny me the second driveway when it was medically necessary and reasonable. I believe in her deposition she testified about the rosacea that she has. And I may have misstated the name of that disease. But the driveway allowed her to exercise in a part of the driveway that didn't put a lot of sun on her face. That was another thing that she had testified to. The Kohler v. Prezide International case, and it's cited in the brief, is the one that shows that a lay witness may testify as to their own accommodation. So that is in the brief that it is appropriate for Mrs. Norman to testify concerning what's best for her. And that's really what the FAA says, that the person who's disabled is in the best position to determine what's okay. We feel that this should have made it to the jury for them to decide whether or not that was a reasonable accommodation, given the fact that there were other driveways in the community. Want to wrap up over your time? No, I have nothing further. Thank you very much. This case is submitted.
judges: WARDLAW, BUMATAY, Gleason